**ANTON KUVACH and ANGELICA KUVACH,**
**Plaintiffs**

v.

**THOMAS CUYLER, Defendant**

# Civil No. 176-1958
# Municipal Court of St. Thomas and St. John

District of St. Thomas

# January 13, 1959*

*Affirmed by District Court, 4 V.I. 77.

MICHAEL, *Municipal Judge*

This is an action brought by the plaintiffs, purchasers of leased premises, for the recovery from the tenant, lessee, of the property known as No. 26 Estate, Lindbergh Bay, No. 4(a), Southside Quarter, St. Thomas, Virgin Islands.

The owner brought this action on two grounds under 28 V.I.C. section 840(a):

1. That they need the premises for their own use, and

2. That defendant owes rent for the period November 15th to December 15th, 1958.

The plaintiffs served notice to quit upon the defendant on June 14, 1958, requiring him to vacate the premises, "between now (June 14, 1958) and November 30th of this year". The action was commenced on November 17, 1958.

It appears from the evidence that the plaintiffs purchased the property on March 19, 1958, from one Ilva

Smith, who had leased the said property to the defendant just a little over a month before for a period of five (5) years, with option to renew.

The lease was not recorded and the plaintiffs claim they had no knowledge of it. The defendant, on the other hand, claims that the plaintiffs knew about the lease because before the sale was consummated plaintiffs' attorney discussed the matter of the lease in the presence of the plaintiffs, or one of them, while plaintiffs were on the premises for the purpose of inspection. Plaintiffs contend, however, that this knowledge or lack of knowledge is immaterial, for the reason that even if plaintiffs were the actual lessors it would make no difference as they would be entitled to recover the property under the Rent Control Law of the Virgin Islands (28 V.I.C. §§ 831-846).

The Court is satisfied from the evidence that the plaintiffs knew of the existence of the lease, and so finds.

The defendant contends that the Rent Control Law does not apply to leases for a tenancy of years; that the basic question in the case is the sanctity of a contract, which is protected by the Constitution of the United States, which provides that no State shall pass any law impairing the obligation of a contract; and that the Rent Control Law applies to leased premises, only upon the expiration of a tenancy.

Due to the importance of the question at issue in the case, the Court requested the parties to submit memoranda of law regarding the applicability or nonapplicability of the Rent Control Law to leases for tenancy of years. The Court has considered these memoranda, together with the pleadings and the lease in question, and is in agreement with the parties that the one important point in issue is whether or not the Rent Control Law is applicable to leases.

To arrive at the answer to this question, in the absence of any case in point interpreting our statute with respect to leases, it appears that we have to consider the philosophy, the purpose, and the reason behind the enactment of rent control as a whole.

It is well known that rent control and all of the other controls were enacted as war measures, and in considering the constitutionality of rent control laws, the New York Court of Appeals stated in the case of Twentieth Century Associates, Inc. v. Waldman, 162 A.L.R. 197, that:

"Contracts are subject to the police power of the State and when an emergency arises and the public welfare requires modification of private contractual obligations in the public interest, the question is not whether legislative action affects contracts incidentally or directly, but whether the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end."

And in the case of Marcus, Brown, Hold Co. v. Feldman, et al., 269 Fed. 306, the Court said that the contract clause of the Constitution does not override state police power to establish regulations reasonably necessary to secure the health, comfort or general welfare of the community.

The Court, therefore, cannot agree with the defendant that the point in issue is covered by the contract clause of the Constitution. Moreover, our Rent Control Law was enacted long before the contract of lease was entered into, and the Supreme Court of the United States has consistently held that the contract clause of the Constitution has reference only to statute of a state enacted after the making of the contract whose obligation is alleged to have been impaired.

Considering the purpose behind rent control in general, then, we find that it was a war measure enacted because of the acute housing shortage. The Legislature of

124

the Virgin Islands, sensing this shortage, enacted the local Rent Control Law, which became effective December 5, 1947 (Bill No. 92 [28 V.I.C. §§ 831–846]).

■ A study of the Rent Control Law of several states will reveal that they were never intended to give to landlords greater rights than they had before under the common law or statutes.

■ While I have not been able to find any case in point, those I have read seem to indicate that landlords brought cases for premises for their own use, even when they were brought for that purpose, *only after the term of the lease had expired.* This seems to be the rationale of the cases.

I feel satisfied, therefore, that while our Rent Control Law may apply to leased premises, it does not apply during the term where the lessee is not in default, and holding otherwise lawfully. Prior to the enactment of the Rent Control Law, lessor did not have this right and consequently to give it to him under the emergency legislation would tend to defeat the very purpose the law was intended to serve.

■ To give to a lessor the right to evict a lessee the following month after the lease was entered into, although his term is a tenancy for years, and he is not otherwise in default, would be an unreasonable eviction. I, therefore, hold that tenants who occupy premises under a valid and subsisting lease and who are not otherwise in default, may not be evicted prior to the expiration of the term on the ground that the lessor needs the property for his own use.

■ However, this case for eviction has not been properly brought. The law provides that in any action for the recovery of rented premises written notice must have been served upon the tenant or person in possession for a period of thirty (30) days. 28 V.I.C. section 843.

The plaintiffs gave notice to the defendant from June 14th to November 30th, 1958. There is nothing prohibiting plaintiffs from giving defendant more notice than the statute requires; however, when they undertook to do so, their right of action did not accrue until after the effective date of the notice. Although the plaintiffs gave the defendant until November 30th, 1958, action was brought for eviction November 17th, 1958. Having commenced the action before their right accrued, the defendant has not been holding adversely, and the cause of action which is sought to be enforced cannot be maintained. American Bonding and Trust Co. v. Gibson County, 145 Fed. 871.

Plaintiffs' prayer for recovery of possession is therefore dismissed.

With respect to the rent, as there is no requirement of notice for bringing action therefor, the plaintiffs would have been entitled to judgment. However, it was testified at the trial of the case that all rents due had been paid.

■ Judgment, therefore, will be entered in favor of plaintiffs* for costs without attorney's fees, it being evident to the Court that the action was principally an eviction suit in which the plaintiffs have not prevailed.

*So in original. Probably should read "defendant".